No. 493
McGREW v. HAWKER
Ohio Appeals, 2nd Dist., Montgomery Co.
No. 611. Decided Jan. 14, 1925.

471. ESCROWS—Attorney of grantor of real property may act as trustee—Conveyance of deed in instant case, is in the nature of a testamentary disposition.

367. DEEDS—Takes effect as from delivery into escrow, when original grantor reserves no control thereafter.

BY THE COURT.

McGrew instituted a suit in equity to set aside a deed made and delivered in escrow by D. W. Coblenz for the benefit of his wife. This deed was accompanied with a written statement of the grantor in which he set forth the description of the land to be conveyed and specified the trustee, etc. At Coblenz's death, the deed was delivered as per directions in the statements. The Common Pleas rendered a decision against McGrew, who contends:

1. That Coblenz, by reason of his age and mental and physical disability was incapable of understanding and appreciating the nature and import of the statement, in writing; at that time, he was under influence of his wife, such being undue influence.

2. Disposing and delivery of said deed was not valid because the depository was the attorney of Coblenz and could not hold deed in escrow.

In dismissing the petition of McGrew, the Court of Appeals said:

1. The claim of undue influence, and duress was not established by the proof.

2. Where grantor delivers deed to a third person to be delivered to the grantee at grantor's death, without reserving any control over the instrument, and such deed is delivered accordingly to the third person, the title passes to the grantee upon such last delivery and by relations the deed takes effect as of the date of the first delivery. Crooks v. Crooks. 34 OS. 10.

No rule of law prevents an attorney from becoming a trustee in escrow for his client.

Attorneys—Otto Keiter for McGrew; and D. I. Prugh, for Hawker; all of Dayton.