**McGRIFF, Plaintiff-Appellee, v. McGRIFF, et al, Defendants-Appellees, McGRIFF, Defendant-Appellant, MINSER, et al., Defendants-Appellants.**

Ohio Appeals, Second District, Darke County.

No. 648. Decided February 5, 1947.

Wilbur D. Spidel, Greenville, for R. P. McGriff, plaintiff-appellee, Frank P. McGriff, Vernon McGriff, Florence Minnich, and Samuel Vannoy, defendants-appellees.

L. E. Kerlin, Greenville, for Marion Minser, James and Robert Minser, defendants-appellees.

Murphy & Staley, Greenville, for Joe McGriff, defendant-appellant.

## OPINION

By MILLER, J.

This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Darke County, Ohio, granting a decree of partition to the plaintiff and denying the cross-petitions of Joe McGriff and Marion Minser, appellants. By stipulation of all the parties the matter is presented here on the record made in the Common Pleas Court with the right of either party to object to the competency of

any evidence offered whether the objections were made at the time the evidence was offered or not.

The action was started by the plaintiff filing a petition against these defendants, the plaintiff and defendants being the next of kin of Minerva Ellen Vannoy who died intestate on the 22nd day of January, 1944, and who at the time of her death was the owner of the real estate described in the plaintiff's petition. The petition sets out the proportionate interest of the plaintiff and various defendants and prays for a decree of partition.

To the petition an answer and cross-petition on behalf of the defendant, Joe McGriff, was filed, the answer consisting of a general denial. The cross-petition alleges that on the second day of January, 1934, Minerva Ellen Vannoy, being the owner in fee simple of the premises described in the petition, executed and delivered a deed for the said premises to the defendant, Joe McGriff, and delivered the deed to John F. Maher with instructions in writing to hold said deed in escrow and in the event of her death to deliver the same to the defendant, Joe McGriff. The defendant-appellant, Nellie Minser, trustee for Robert Minser and James Minser, filed her separate answer denying the ownership of the real estate in the petition by Minerva Ellen Vannoy at the time of her death, and filed also a cross-petition alleging that in December, 1928, Minerva Ellen Vannoy had executed a warranty deed to Howard L. Minser, now deceased, father of the defendants-appellants and cross-petitioners, James and Robert Minser. This deed was delivered in escrow in December, 1928, to D. W. Younker as escrow agent for the said Howard L. Minser, to be delivered on the death of the grantor.

Answers and replies were filed by the various parties to these answers and cross-petitions. The answer to the cross-petition of Joe McGriff set out three defenses, the first defense being a general denial, the second defense denying that the deed was ever delivered to Joe McGriff, and further denying that Minerva Ellen Vannoy ever released dominion over said deed. The third defense was that said Minerva Ellen Vannoy was not possessed of sufficient mental capacity to execute the said deed.

The answer to the cross-petition of Nellie Minser, trustee consisted of a general denial and also alleging undue influence.

Upon the issues thus joined the evidence was submitted to the late Judge Hugh L. Gilmore and almost immediately after the conclusion of the trial, Judge Gilmore became ill and died. By agreement of counsel the cause was submitted to

Judge Marion B. Owen upon the record, who made a finding in favor of the plaintiff. No issue would be presented for consideration and determination of the Court were it not for the answers and cross-petitions of the defendants, Joe McGriff and Nellie Minser, trustee, these defendants asserting title to the entire premises in question by virtue of separate deeds alleged to have been delivered in escrow, for delivery on the death of the grantor. It is conceded that if neither the deed to Howard Minser nor the one to Joe McGriff, be established as to execution and delivery, each of said cross-petitions must fail and the plaintiff become entitled to an order of partition as prayed for.

Let us now examine the facts to determine whether or not a deed was ever delivered for either of these cross-petitioners the same to be held in escrow until the death of Mrs. Vannoy.

The Minsers are claiming under a deed alleged to have been executed in 1928, and Joe McGriff, under one in 1934. In order to discuss these facts it will first become necessary that the Court pass upon the various exhibits which have been offered in evidence and objections duly made. We think the rulings made by the trial court were proper and our ruling on the exhibits admitted by the trial court will be the same. However, many exhibits were never passed upon and on these we shall make the following ruling:

Joe McGriff offered Exhibits 2, to and including 13, all of which consists of letters between Mrs. Vannoy and Mr. John .F. Maher, her attorney. These exhibits are not admissible in their entirety as they would be privileged communications under §11494 GC. However, they would be admissible under §11495 GC for one purpose only and that would be upon questions involving the validity of a deed. They will be limited to such circumstances, if any, directly bearing upon the legal sufficiency of the instrument. See Rieger v Hotel Rieger Co., 124 Oh St 152. Joe McGriff's Exhibits 14, 15 and 16 are legal papers in connection with a foreclosure action, and are admissible. McGriff's Exhibit No. 17 is a letter from John F. Maher to Mrs. Vannoy, the original of which is lost and cannot be produced, in which he acknowledges receipt of the deed in escrow and also discusses some other matters not in issue in this case. We are of the opinion that the part of the letter referred to is a declaration by John F. Maher as escrow agent and is not legal advice given by him to his client. It is generally recognized and this Court specifically held in McGrew v Hawker, 3 Abs, 324, that no rule of law prevents an attorney at law from becoming a trustee in escrow for his

client. We hold that this exhibit is admissible for the purposes indicated.

Plaintiff's Exhibits 2, 5 and 5a are letters from Mrs. Vannoy to Mr. Maher, her attorney, and are admissible subject to the exceptions noted in 11495 GC. Plaintiff's Exhibit No. 4, being an instrument cancelling the escrow deed to Howard L. Minser is admissible. Plaintiff's Exhibits Nos. 6, 7, 8, 9 and 10 are admissible for the purpose of throwing some light upon the mental condition of Mrs. Vannoy. Plaintiff's Exhibits 11, 12 and 13 are privileged communications between attorney and client and are not admissible. The Minsers' Exhibits Nos. 1, 2, 3 and 4 are proper and will be admitted, being letters by Mrs. Vannoy and her counsel to persons not privileged.

As to the cross-petition of Nellie Minser, the trial Court found that she had failed to prove the contents or provisions of any deed alleged to have been delivered in escrow to D. W. Younker by the said Minerva Ellen Vannoy. With this finding we are in accord. It is true that Minsers' Exhibit No. 2, which is a letter from John F. Maher, attorney, to Mr. Paul W. Younker, speaks of a deed being made by Mrs. Vannoy to Howard L. Minser, the same to be held in escrow. This deed has not been produced in evidence and there is no description as to the property conveyed from which a deed could be made. Furthermore, the only evidence in the record which throws any light upon the condition attached to the escrow is found in Minsers' Exhibit No. 4, which is a letter from Mrs. Vannoy to Mr. Paul W. Younker. In this letter she says:

"* * The said deed was to be held in escrow by your father and **delivery by him** to Howard L. Minser after my death, or **delivered to me during my lifetime on my request.**"
(Emphasis ours.)

We, therefore, further find that Mrs. Vannoy retained control of the deed, if there was one, during her lifetime, and she had the power and authority to destroy it. The trial Court found also that Minerva Ellen Vannoy never delivered such deed into the custody of D. W. Younker as escrow agent for absolute delivery to Howard Minser. We, therefore, find that the cross-petition of Nellie Minser, et al. should be denied.

Next considering the cross-petition of Joe McGriff we find from the evidence that a deed to the property described in the petition was duly executed to Joe McGriff on January 2nd, 1934; that Mrs. Vannoy was in a normal state of mind and was able and qualified to conduct her own affairs. Evidence with reference to placing the deed in escrow is found in Joe McGriff's Exhibits Nos. 1 and 17, No. 1 reading as follows:

"Bradford, Ohio
R. F. D. 3
January 2nd, 1934

"This envelope contains a Warranty Deed from Minerva E. Vannoy to Joseph W. McGriff for her residence property and all the land and ground in connection therewith,—as fully described in said Deed, located in Webster, Wayne Township, Darke County, Ohio. This deed is to be placed in escrow with John F. Maher, Attorney at Law, Greenville, Ohio, to be held by him and in the event of the death of the said Minerva E. Vannoy, the same is to be delivered to the said Joseph W. McGriff, grantee in said deed.

(Signed) Minerva Ellen Vannoy
Grantor

Witnessed:
Gladys Amspaugh Brewer
Marion Trittschuh."

Written across the face of this instrument is the following:

"3:30 P. M.

"Destroyed Dec. 17, 1934 at the request of Mrs. Vannoy in the presence of John F. Maher and Marion Trittschuh."

The exhibit No. 17 referred to is a carbon copy of a letter as follows:

"January 3, 1934

"Mrs. Minerva E. Vannoy
Bradford, Ohio, R. F. D. 3
My dear Mrs. Vannoy:
I sealed the deed in escrow and filed it along with your will and codicil in my safe.

John F. Maher."

From this evidence and that of the two stenographers in Mr. Maher's office, we think that the record definitely establishes that the deed was delivered to Mr. Maher to be held by him in escrow and delivered to Joseph W. McGriff upon the event of the death of Mrs. Vannoy. Such being the case, did Mrs. Vannoy have the power to revoke the escrow agreement on December 17, 1934, by destroying the deed? We do not think she did. An escrow is a written instrument which by its terms imports a legal obligation and which is deposited by the grantor with a third party to be kept by the depositary until the performance of a condition or the happening of a certain event and then to be delivered to the grantee. An instrument cannot be said to be delivered in escrow where pos-

session of the instrument is subject to the control of the depositor. See 19 Amer. Jur. 425; 10 L. R. A. 471; 16 O. Jur. 366. One of the early Ohio cases on this subject and which has been uniformly followed is **Crooks v Crooks, 34 Oh St 610**, syllabus 4 of which provides:

"Where the grantor delivers his deed to a third person to be delivered by him to the grantee at the death of the grantor, without reserving to himself any control over the instrument, and such deed is delivered accordingly to the grantee, the title passes to the grantee upon such last delivery, and, by relation, the deed takes effect as of the date of the first delivery."

See also **McGrew v Hawker**, by this Court and reported in **3 Abs 324.**

For the reasons indicated we find that the defendant, Joe McGriff, has proven all of the material allegations of his cross-petition and is entitled to the relief prayed for, and it will be so ordered.

HORNBECK, PJ, and WISEMAN, J, concur.

**McGRIFF, Plaintiff-Appellee, v. McGRIFF et al., Defendants-Appellees, McGRIFF, Defendant-Appellant, and MINSER et al., Defendants-Appellees.**

No. 648.   Decided March 5, 1947.

**OPINION**

By THE COURT:

Submitted on application for rehearing filed by the plaintiff-appellee and Frank P. McGriff, Vernon McGriff, Marion Minser, Florence Minser Minnich and Samuel Vannoy, defendants-appellees.

We have given this application careful consideration and find nothing therein which was not considered by this Court in the first instance. We think the record definitely establishes the execution of the deed to the property which is the subject of this action, to Joseph W. McGriff, also the escrow agreement, and the delivery of the deed to the escrow agent. It would serve no good purpose to again discuss our reasons for this as they were contained in our opinion which was filed on February 5, 1947.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.